UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| A&S SURPLUS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LAKEWOOD, et al.,<br><br>Defendant. | CASE NO. 14-5375-RJB<br><br>ORDER ON DEFENDANTS COLEY AND WILLETT'S MOTION TO DISMISS |

This matter comes before the Court on Defendants Coley and Willett's Motion to Dismiss (Dkt. 30). The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein. For reasons detailed below, the Court should grant the motion to dismiss the state common law tort claims and § 1983 claims against Defendants Coley and Willett, but deny without prejudice the motion for summary judgment on the *Bivens* claim and qualified immunity.

I.        PROCEDURAL HISTORY & FACTS

This complaint stems from an operation carried out by a joint force of military police, the Lakewood Police Department, and the Bureau of Alcohol, Tobacco, Firearms, and Explosives

1  ("ATF") on June 3, 2013, to recover allegedly stolen property from Joint Base Lewis-McChord

2  ("JBLM"). Dkt. 27 at 9–10. On August 14, 2014, Plaintiff A&S Surplus, Inc. filed its First

3  Amended Complaint (Dkt. 27) in this action against Russell Martin, Peter Johnson, and Ken

4  Henson ("City of Lakewood Police Defendants"); Nathan Echols, Nicholas Willett, Jerry Coley,

5  and eight John Does ("Military Police Defendants"); Michael Collier ("ATF Defendant"); the

6  City of Lakewood; and the United States. Among others, the complaint made claims based on

7  state common law torts, 42 U.S.C. § 1983, and the Fourth Amendment under *Bivens v. Six*

8  *Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Dkt. 27. Plaintiff

9  claims that the affidavits supporting the search warrants used in the June 3, 2013 operation, as

10  well as the warrants themselves, were defective. *Id.* at 4–9. On September 5, 2014, two of the

11  defendant military police, Jerry Coley and Nicholas Willett, filed this Motion to Dismiss (Dkt.

12  30), supported by their declarations (Dkts. 31–32).

13  ## II.   MOTION TO DISMISS

14  In their Motion to Dismiss (Dkt. 30), Defendants Coley and Willett claimed the state

15  common law tort claims against them should be dismissed because the United States is the only

16  proper defendant in an action based on the Federal Tort Claims Act ("FTCA"). Dkt. 30 at 5–6.

17  Defendants Coley and Willett also asserted that Plaintiff's § 1983 claims against them should be

18  dismissed because federal officers are facially immune to § 1983 claims. *Id.* at 6. Plaintiff

19  conceded that the state common law tort claims and § 1983 claims against Defendants Coley and

20  Willett should be dismissed. Dkt. 34 at 2. Because Plaintiff and Defendants Coley and Willett

21  agree that the state common law tort claims and § 1983 claims against them should be dismissed,

22  the Court should dismiss those claims against Defendants Coley and Willett only.

23  ## III.   MOTION FOR SUMMARY JUDGMENT

24

1    In their Motion to Dismiss (Dkt. 30), Defendants Coley and Willett supported their

2    arguments with declarations (Dkts. 31–32). They also argued for summary judgment on

3    Plaintiff's Fourth Amendment claims against them 1) because Defendants Coley and Willett did

4    not personally participate in executing the search warrant and 2) because Defendants Coley and

5    Willett are entitled to qualified immunity by virtue of only being line officers while executing

6    the search warrants. Dkt. 30 at 6–15. In Plaintiff's Memorandum in Opposition to Defendants

7    Coley and Willett's Motion to Dismiss (Dkt. 34), Plaintiff reasserted that the warrants were

8    facially invalid and that Defendants Coley and Willett acted unreasonably. *Id.* at 12. Although

9    Plaintiff conceded that Defendants Coley and Willett acted as line officers, it argued that

10   Defendants Coley and Willett knew or should have known that the warrants were overbroad. *Id.*

11   In their reply (Dkt. 35), Defendants Coley and Willett reiterated that they did not personally

12   participate in the execution of the search warrants or in the search of Plaintiff's business; they

13   argued that they were actually not line officers and were entitled to qualified immunity because

14   they relied on the lead officers' representations that the warrants were valid. Dkt. 35 at 4–5.

15      A.  Standard for Motion for Summary Judgment

16      "If, on a motion under Rule 12(b)(6) or 12(c), matters outside of the pleadings are

17   presented to and not excluded by the court, the motion must be treated as one for summary

18   judgment under Rule 56." Fed. R. Civ. P. 12(d). Summary judgment is proper only if the

19   pleadings, the discovery and disclosure materials on file, and any affidavits show that no genuine

20   issue exists as to any material fact and that the movant is entitled to judgment as a matter of law.

21   Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the

22   nonmoving party fails to make a sufficient showing on an essential element of a claim in the case

23   on which the non-moving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317,

24

1  323 (1985). No genuine issue of fact for trial exists where the record, taken as a whole, could not

2  lead a rational trier of fact to find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith*

3  *Radio Corp.*, 475 U.S. 574, 586 (1986) (non-moving party must present specific, significant

4  probative evidence, not simply "some metaphysical doubt"); s*ee also* Fed. R. Civ. P. 56(e).

5  Conversely, a genuine dispute over a material fact exists if sufficient evidence supports the

6  claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.

7  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *see also T.W. Elec. Serv. Inc. v. Pac.*

8  *Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

9       The determination of the existence of a material fact is often a close question. The court

10  must consider the substantive evidentiary burden that the non-moving party must meet at trial—

11  e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec.*

12  *Serv. Inc.*, 809 F.2d at 630. The court must resolve any factual issues in controversy in favor of

13  the non-moving party only when the facts specifically attested by that party contradict facts

14  specifically attested by the moving party. The non-moving party may not merely state that it will

15  discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial

16  to support the claim. *T.W. Elec. Serv. Inc.*, 809 F.2d at 630 (relying on *Anderson,* 477 U.S. at

17  254). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts"

18  will not be "presumed." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

19    B.  <u>*Bivens* Claim</u>

20       In their Motion to Dismiss (Dkt. 30), Defendants Coley and Willett bifurcated their

21  arguments for summary judgment on Plaintiff's *Bivens* claim into the following: 1) Plaintiff does

22  not state a claim for a *Bivens* action and 2) even if Plaintiff does state a claim for a *Bivens* action,

23  Defendants Coley and Willett have qualified immunity from suit. Dkt. 30.

24

**1. Personal Participation**

In its complaint, Plaintiff claimed that the warrants used to search its store and warehouse were facially invalid. Dkt. 27 at 8. Plaintiff also contended that Defendants Coley and Willett acted with the other defendants in executing the search warrants, searching the Plaintiff's store and warehouse, and removing Plaintiff's property. *Id.* at 9. In their Motion to Dismiss (Dkt. 30), Defendants Coley and Willett argued that Plaintiff did not state a claim against them for violating Plaintiff's Fourth Amendment right of freedom from search and seizure. Dkt. 30 at 6–10. Although Defendants Coley and Willett admitted that Defendant Coley was supervising military police at both locations and that both defendants were present and identifying military property to be seized while the Lakewood police executed the warrants, Defendants Coley and Willett asserted that they did not personally participate in executing the warrants. *Id.* at 8.

To succeed on a *Bivens* claim, a plaintiff must prove that 1) the plaintiff's constitutional rights were violated 2) by a person acting under color of federal law. *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010). A defendant is not liable, unless the facts establish the defendant's personal involvement or a sufficient causal connection between the defendant's wrongful conduct and the constitutional violation. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

The record is not sufficiently developed at this stage in the case for the Court to determine Defendants Coley and Willett's level of personal involvement in executing the warrants. For instance, the Court does not know what "supervisory role" meant for Defendant Cole or what "identifying items" meant for both defendants. *See id.* Although in their reply (Dkt. 35), Defendants Coley and Willett assert that "[b]y the time Defendants Coley and Willett arrived, the serving officers had already served the warrants and removed the items from

Plaintiff's business," in their declarations (Dkts. 31–32) they admit the officers only "had begun taking items off of shelves" when they arrived. *See, e.g.*, Dkt. 31 at ¶10. Too many facts are unclear or undeveloped at this stage for the Court to determine whether Defendants Coley and Willett personally participated in the alleged Fourth Amendment violations. The motion for summary judgment should be denied.

**2. Qualified immunity**

Defendants Coley and Willett asserted that they are entitled to qualified immunity. Dkt. 30 at 2. They contended that they acted reasonably under the circumstances, even if the warrants were invalid. *Id.* at 12. Part of Defendants Coley and Willett's argument was that they were merely "line officers," giving them only a limited duty—that they fulfilled—to inquire into the nature and scope of the warrant. *Id.* Plaintiff argued that Defendants Coley and Willett's inquiry into the nature and scope of the warrant shows they were aware of its allegedly overbroad scope. Dkt. 34 at 10. Defendants Coley and Willett replied by claiming that they did "not even rise to the level of line officers," but were something different than line officers. Dkt. 35 at 4 ("Defendant Coley's role was that of a supervisor, not as a typical line officer . . . ."). They argued that they were entitled to rely on—and did rely on—"the representations of the lead officers" that the warrants were valid. *Id.* at 5.

Defendants in a *Bivens* action are entitled to qualified immunity from damages for civil liability if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In analyzing a qualified immunity defense, the Court must determine: 1) whether a constitutional right would have been violated on the facts alleged, taken in the light most favorable to the party asserting the injury; and 2) whether the right was clearly established when viewed in the specific

1    context of the case. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "The relevant dispositive inquiry

2    in determining whether a right is clearly established is whether it would be clear to a reasonable

3    officer that his conduct was unlawful in the situation he confronted." *Id*. The burden is on the

4    defendant to prove that his or her actions were reasonable under the circumstances. *Doe v.*

5    *Petaluma City Sch. Dist.*, 54 F.3d 1447, 1459 (9th Cir. 1995).

6         The privilege of qualified immunity is an immunity from suit rather than a mere defense

7    to liability, and like absolute immunity, it is effectively lost if a case is erroneously permitted to

8    go to trial. *Mueller v. Auker*, 576 F.3d 979, 992 (9th Cir. 2009) (quoting *Mitchell v. Forsyth*, 472

9    U.S. 511, 526 (1985). Qualified immunity also protects a defendant from having to bear the

10   burdens of such pretrial matters as discovery. *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996). *See*

11   *also Act Up!/Portland v. Bagley*, 988 F.2d 868, 872-73 (9th Cir. 1993). In analyzing a qualified

12   immunity defense, courts are "permitted to exercise sound discretion in deciding which of the

13   two prongs of the qualified immunity analysis should be addressed first in light of the

14   circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

15        i.      Whether a constitutional right would have been violated

16        The Court does not have enough facts to determine whether a constitutional right would

17   have been violated as a matter of law. In their Motion to Dismiss (Dkt. 30), Defendants Coley

18   and Willet argued that they did not violate Plaintiff's Fourth Amendment rights because 1) they

19   did not participate in executing the warrant and 2) no finding exists that the warrants were

20   facially invalid. As discussed above, not enough facts are in the record for the Court to

21   determine, for example, Defendants Coley and Willett's level of involvement in executing the

22   warrants or whether the warrants were facially invalid. Therefore, the Court cannot determine as

23   a matter of law whether Plaintiff's rights would have been violated.

24

ORDER ON DEFENDANTS COLEY AND
WILLETT'S MOTION TO DISMISS- 7

1     ii.      Whether the right was clearly established

2     As above, not enough facts are in the record for the Court to determine whether

3 Defendants Coley and Willett acted reasonably in their actions regarding the execution of the

4 search warrant. That is a dispositive inquiry in determining whether the right was clearly

5 established. Based on the few facts in the record at this stage, the Court cannot determine, for

6 instance, whether Defendants Coley and Willett knew or should have known the exact scope of

7 the warrants. Defendants Coley and Willett's roles in the operation are unclear, as are their legal

8 duties to inquire into the scope of the warrants. *See, e.g.*, Dkt. 35 at 4. Finally, no determination

9 has been made as to the adequacy of the search warrant. As a result, the Court cannot determine

10 as a matter of law whether Plaintiff's rights were clearly established, so that a reasonable officer

11 would have known his or her conduct was unlawful.

12     The Court is mindful of the U.S. Supreme Court's directive to decide qualified immunity

13 at the earliest possible opportunity. *See Saucier*, 533 U.S. at 201. Not enough facts are yet in the

14 record, however. Summary judgment on the issue of qualified immunity is premature.

15     Therefore, it is hereby **ORDERED** that:

16     •   Defendants Coley and Willett's Motion to Dismiss (Dkt. 30) is **GRANTED**

17         regarding all state common law tort claims and § 1983 claims, and these claims

18         are **DISMISSED** against Defendants Coley and Willett;

19     •   Defendants Coley and Willett's Motion to Dismiss (construed as motion for

20         summary judgment) (Dkt. 30) is **DENIED** without prejudice, and the Fourth

21         Amendment *Bivens* claims against Defendants Coley and Willett may proceed.

22     The Clerk is directed to send uncertified copies of this Order to all counsel of record and

23 to any party appearing *pro se* at said party's last known address.

24

ORDER ON DEFENDANTS COLEY AND
WILLETT'S MOTION TO DISMISS- 8

1    Dated this 14th day of October, 2014,.

2

3

4                ROBERT J. BRYAN
                    United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24