1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

A&S SURPLUS, INC.,

CASE NO. 14-5375-RJB

Plaintiff,

12

ORDER ON PLAINTIFF'S MOTION
FOR RECONSIDERATION OF
ORDER ON CROSS MOTIONS FOR
SUMMARY JUDGMENT

v.

13

14

CITY OF LAKEWOOD; UNITED
STATES OF AMERICA; RUSSELL
MARTIN; PETER JOHNSON; KEN
HENSON; NATHAN ECHOLS; JERRY
COLEY; and JOHN DOES 1-8,

15

16

Defendants.

17

18        This matter comes before the Court on Plaintiff's Motion for Reconsideration of Order on

19   Cross Motions for Summary Judgment.  Dkt. 97.  The Court has considered the pleadings filed

20   regarding the motion and the file herein.

21        This case arises from a joint operation carried out by the Criminal Investigation

22   Command ('CID') and Military Police Investigations ('MPI') units of Joint Base Lewis McCord

23   ('JBLM'), the Bureau of Alcohol, Tobacco, Firearms, and Explosives ('ATF'), and the City of

24   Lakewood Police Department ('LPD') on June 3, 2013, to recover allegedly stolen government

1   property located at Plaintiff's military surplus store and warehouse. Dkt. 27. Plaintiff A&S

2   Surplus, Inc. makes claims for violation of its Fourth Amendment rights pursuant to *Bivens v. Six*

3   *Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. §

4   1983 and for violations of state tort law.  *Id.*

5          On May 29, 2015, this Court entered an order dismissing the constitutional claims

6   asserted against the individual officers finding they were entitled to qualified immunity.  Dkt. 92.

7          In its pending motion, Plaintiff moves for reconsideration of that order.  Dkt. 97.  For the

8   reasons set forth below, that motion (Dkt. 97) should be denied.

9          The background facts and procedural history are in this Court's May 29, 2015 Order on

10  Cross Motions for Summary Judgment (Dkt. 92, at 1-5) and are adopted here.

11                               **DISCUSSION**

12      **A.  MOTION FOR RECONSIDERATION STANDARD**

13      Western District of Washington Rule CR 7(h)(1) provides: "Motions for reconsideration are

14  disfavored.  The court will ordinarily deny such motions in the absence of a showing of manifest

15  error in the prior ruling or a showing of new facts or legal authority which could not have been

16  brought to its attention earlier with reasonable diligence."

17      **B.  PLAINTIFF'S MOTION**

18      Plaintiff's motion (Dkt. 97) should be denied.  Plaintiff has not shown a "manifest error in the

19  prior ruling or a showing of new facts or legal authority which could not have been brought to its

20  attention earlier with reasonable diligence." Plaintiff raises three issues which it requests the Court

21  reconsider.  They will be addressed as follows.

22      Plaintiff first argues that the Court improperly concluded that there was probable cause to

23  search the Foxhole.  Dkt. 97, at 2.  It asserts that the Court made contradictory findings when it

24

ORDER ON PLAINTIFF'S MOTION FOR
RECONSIDERATION OF ORDER ON CROSS
MOTIONS FOR SUMMARY JUDGMENT- 2

1  found that there was probable cause to search the Foxhole for United States property wrongfully

2  held, but then found that probable cause did not exist for "all items of a particular type described

3  in the warrants." Plaintiff's motion for reconsideration on this issue should be denied.  Plaintiff

4  appears to be conflating the Court's findings on probable cause and particularity.

5      Plaintiff also argues "Dkt. 60-12, the warrant for the A&S Surplus warehouse, only has two

6  pages so that both the document and page numbers [cited in the order at Dkt. 92, at 9, lines 2-3]

7  require correction." Dkt. 97, at 2.  Despite Plaintiff's assertions, the record indicates that Dkt. 60-

8  12, at 2-3, the citation in the Order (Dkt. 92, at 9),  is the search warrant for the Foxhole.  No

9  correction to the order is appropriate.

10      Plaintiff secondly argues that the Court erred when it found that the federal agents relied on

11  objective references in deciding what to seize.  Dkt. 97, at 3-4.  Plaintiff argues that the MPI

12  agents denied seeing or using the Demilitarization Codes and denied referring to the warrants, or

13  a document or a list as a reference during their search.  *Id.*  Plaintiff argues that the Lakewood

14  Officers testified that they did not see any of the federal agents referring to lists or any other

15  documents.  *Id.* Plaintiff's motion for reconsideration on this ground should be denied.  The order

16  noted that the record indicates that the federal agents used a variety of sources to identify

17  government property.  They called Central Issuance Facility employees to confirm whether an

18  item should be seized, some used documents on site, and they all used their own experience.

19  Even if some of the officers on site did not use manuals, Plaintiff makes no showing that

20  qualified immunity should not have been granted.  Plaintiff's remaining argument regarding the

21  officers' decision to not seize certain items (or an alleged inconsistency in those decisions) also

22  does not provide a basis to reconsider the grant of qualified immunity.

23

24

ORDER ON PLAINTIFF'S MOTION FOR
RECONSIDERATION OF ORDER ON CROSS
MOTIONS FOR SUMMARY JUDGMENT- 3

1    The Plaintiff lastly argues that the Court should not have granted Echols and Martin qualified

2  immunity because that decision "overlooks evidence showing that the magistrate failed to actually

3  read the affidavits, thus wholly abandoning their role" and that the warrants were "patently invalid

4  for lack of particularity" such that no reasonable officer could have believed that the warrants

5  were valid. Dkt. 97, at 5. Plaintiff's motion for reconsideration should be denied on this ground

6  as well. While Plaintiff argues that errors in the warrants show that the issuing judge did not

7  read the warrants before she signed them, Plaintiff has no evidence to support that assertion.

8  Further, as stated in the Order, "[w]here the alleged Fourth Amendment violation involves a

9  search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is

10 the clearest indication that the officers acted in an objectively reasonable manner or, as we have

11 sometimes put it, in objective good faith." *Messerschmidt v. Millender*, 132 S. Ct. 1235, 1245

12 (2012). Although there is an "exception allowing suit when 'it is obvious that no reasonably

13 competent officer would have concluded that a warrant should issue,'" *Id.,* there is no showing

14 that the exception applies. Plaintiff's motion for reconsideration (Dkt. 97) should be denied and

15 the prior Order on Cross Motions for Summary Judgment (Dkt.92) affirmed.

16                                      **ORDER**

17    For the foregoing reasons, the court finds that there are no material issues of fact to

18 preclude the following findings and order. Therefore, it is hereby **ORDERED** that:

19    • Plaintiff's Motion for Reconsideration of Order on Cross Motions for Summary

20      Judgment (Dkt. 97) **IS DENIED**; and

21    • The May 29, 2015 Order on Cross Motions for Summary Judgment (Dkt. 92) **IS**

22      **AFFIRMED**.

23

24

ORDER ON PLAINTIFF'S MOTION FOR
RECONSIDERATION OF ORDER ON CROSS
MOTIONS FOR SUMMARY JUDGMENT- 4

1    The Clerk is directed to send uncertified copies of this Order to all counsel of record and

2  to any party appearing *pro se* at said party's last known address.

3    Dated this 18th day of June, 2015.

4

5

ROBERT J. BRYAN

6  United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON PLAINTIFF'S MOTION FOR
RECONSIDERATION OF ORDER ON CROSS
MOTIONS FOR SUMMARY JUDGMENT- 5